UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | CAUSE NO: **6:17cr1054-1** |
| | § | |
| v. | § | |
| | § | |
| | § | |
| Michael Anthony RAWSON | § | |

## ORDER OF REMOVAL

Defendant Michael Anthony RAWSON and the United States of America (hereinafter referred to as "the Government") have jointly requested and stipulated to entry of a stipulated judicial Order of Removal, pursuant to Title 8, United States Code, Section 1228(c)(5), Section 238(c)(5) of the Immigration and Nationality Act.

Pursuant to that stipulated request, the Court finds the following:

1. Defendant waived the right to notice and a hearing prior to removal from the United States.

2. The Court should enter a judicial order that defendant be removed from the United States to the United Kingdom.

3. The facts in support of this request are as follows:

    a. Defendant is not a citizen or national of the United States;

    b. Defendant is a native and citizen of the United Kingdom;

    c. Defendant is subject to removal from the United States;

    d. Defendant is not entitled to acquired or derivative citizenship;

    e. Defendant did commit a crime: to wit, it is a crime to knowingly make a false statement with respect to a material fact in any application, affidavit, or other

    document required by the immigration laws or regulations of the United States or knowingly present any such application, affidavit or other document which contains such false statement.

4. Defendant's attorney has fully explained to Defendant his right to be represented by an attorney before an Immigration Judge, to request a removal hearing before an Immigration Judge, and to apply for relief from removal.

5. Defendant understood and knowingly, voluntarily, and willingly waived his rights to be represented by an attorney before an Immigration Judge, and to apply for relief from removal for political asylum. Defendant further knowingly, voluntarily, and willingly waived his right to a hearing before an Immigration Judge, or any other authority under the Immigration and Nationality Act, on the question of his removability from the United States. In this regard, Defendant understood and knowingly, voluntarily, and willingly waived his rights to examine the evidence against him, to present evidence on his own behalf, and to cross-examine witnesses presented by the government.

6. Defendant has knowingly, voluntarily, and willingly agreed that all factual allegations contained in this Order of Removal are true and correct.

7. Defendant has knowingly, voluntarily, and willingly, conceded that he is removable from the United States and is not entitled to acquired or derivative citizenship.

8. Defendant has knowingly, voluntarily, and willingly agreed and stipulated to accept an Order of Removal knowing that it will result in his immediate removal from the United States upon completion of any period of incarceration. Defendant has agreed that the order be issued for his deportation to the United Kingdom or to any other

country as prescribed by the immigration laws and regulation of the United States.

9. Defendant has knowingly, voluntarily, and willingly waived any and all rights to appeal, reopen, or challenge in any way the Order of Removal.

10. Defendant has knowingly, voluntarily, and willingly agreed with the United States regarding entry of a judicial Order of Removal.

Therefore, IT IS ORDERED pursuant to Title 8, United States Code, Sections 8 U.S.C. § 1227(a)(3)(B)(iii) and 1228(c)(5) that defendant be removed from the United States to the United Kingdom or to any other country as prescribed by the immigration laws and regulation of the United States and that promptly upon his release from confinement, United States Immigration and Customs Enforcement shall execute this ORDER of Removal according to the applicable laws and regulations of the United States.

ENTERED on this 5th day of June, 2018.

HENRY M. HERLONG, JR.
SENIOR U.S. DISTRICT JUDGE